## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH DAKOTA
## SOUTHERN DIVISION

|  |  |
|---|---|
| VIVIAN KHUU, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIBANK, NATIONAL ASSOCIATION,<br><br>Defendant. | Case No.  24-cv-4037<br><br>**CLASS ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Vivian Khuu ("Plaintiff"), individually and on behalf of the Class defined below of similarly situated persons, allege the following against Defendant Citibank, N.A. ("Citibank" or "Defendant"), based upon personal knowledge with respect to herself and on information and belief derived from, among other things, investigation of counsel and review of public documents as to all other matters:

### NATURE OF THE ACTION

1.    When dealing with consumer contracts, normally presented on a take-it-or-leave-it basis, legislatures around the nation have statutorily prohibited companies from taking advantage of customers through unfair acts. In the context of consumer fees, whether a fee is considered unfair frequently turns on a simple principle: if the consumer will not receive a commensurate benefit from the fee, then the consumer must have a practical opportunity to avoid the fee.

2.    Nowhere can this principle be seen more clearly than in the banking sector. Financial institutions earn profits by charging fees for their services. For example, banks allow customers to write checks, and in return the customers promise that there will be funds in their account to cover the check when it is deposited. If a customer breaks this understanding and writes a check without the funds to cover it (i.e., bounces a check), the bank will charge a fee to the

customer that wrote the check, which the customer could have avoided by ensuring sufficient funds were in the account.

3.      On the other side of the transaction, however, the recipient of the check typically has no way to know whether a check he or she deposits is going to bounce. Because the depositor could not have reasonably known the check was bad, it is unfair to charge the depositor a fee for returning the check.

4.      Nevertheless, this is exactly what Citibank did through what it refers to as "Deposited Check Returned Unpaid" fees. By charging Deposited Check Returned Unpaid fees, Citibank unfairly targeted its customers with financial penalties for faulty checks the customers had no hand in issuing. Plaintiff was shocked when they were charged these Fees because they did nothing wrong, yet were penalized by Citibank. There was nothing Plaintiff could do to avoid — or even anticipate — a Deposited Check Returned Unpaid fee assessed by Citibank at the time the deposit was returned.

5.      By charging its customers significant fees in situations where the customer did nothing wrong and could not have avoided the fee through reasonable diligence, Citibank acted in a manner that is unfair, oppressive, and against public policy.

6.      Recent guidance from the Consumer Financial Protection Bureau ("CFPB") has reaffirmed the unlawful nature of Citibank's Deposited Check Returned Unpaid fee policy. In October 2022, the CFPB issued a compliance bulletin stating that it is an unfair act or practice for an institution to have a blanket policy of charging Deposited Check Returned Unpaid fees anytime that a check is returned unpaid, irrespective of the circumstances or patterns of behavior on the account; the CFPB noted that these fees cause substantial monetary injury for each returned item, which consumers cannot reasonably avoid because they lack information about and control over whether a check will clear.[1]

---

[1] Consumer Financial Protection Bulletin 2022–06, Unfair Returned Deposited Item Fee Assessment Practices (Oct. 26, 2022), available at:

7.     California, among other States, has recognized the unfair nature of these fees and has recently amended the California Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 17200, *et seq.*, to expressly prohibit "junk fees" where a business reveals unavoidable fees later in the buying process. As California Attorney General Rob Bonta noted in a press release: "These deceptive fees prevent us from knowing how much we will be charged at the outset. They are bad for consumers … [and] cost Americans tens of billions of dollars each year."[2]

8.     Accordingly, Plaintiff, on behalf of herself and the Class and Sub-class (defined below), now seek to hold Citibank accountable for their unlawful and unfair policy, and seek damages, restitution, and injunctive relief, as set forth below.

## PARTIES

9.     Plaintiff Vivian Khuu is, and at all times mentioned herein was, an individual citizen of the State of California residing in the County of Los Angeles and held a Savings account during the applicable statute of limitations period. Ms. Khuu opened her Citibank account in or around 2021 in California. Her account is, therefore, located in California.

10.     Defendant Citibank, N.A. is the primary U.S. banking subsidiary of Citigroup, Inc., with a main office and headquarters at 5800 S Corporate Place Sioux Falls, South Dakota. Citibank is a national bank engaged in the business of providing retail banking services to consumers and businesses, including Plaintiff and members of the putative Class and Sub-class, which includes the issuance of deposit accounts. Defendant operates banking centers, and thus conducts business, throughout the States of California, New York, New Jersey, Illinois, Connecticut, Maryland, Pennsylvania, Florida, Nevada, Virginia, and Florida, among others.

---

https://www.consumerfinance.gov/compliance/supervisory-guidance/cfpb-bulletin-2022-06-unfair-returned-deposited-item-fee-assessment-practices/ (last accessed February 15, 2024).

[2] Attorney General Bonta's Sponsored Bill to Ban Hidden Fees in California Signed into Law (Oct. 7, 2023), available at: https://oag.ca.gov/news/press-releases/attorney-general-bonta%E2%80%99s-sponsored-bill-ban-hidden-feescalifornia-signed-law (last accessed January 17, 2024).

## JURISDICTION AND VENUE

11.    The Court has subject matter jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). The amount in controversy exceeds $5 million, exclusive of interest and costs. Upon information and belief, the number of class members is over 100, many of whom have different citizenship from Defendant. Thus, minimal diversity exists under 28 U.S.C. § 1332(d)(2)(A).

12.    This Court has jurisdiction over Defendant because it can be found in and operates in this District, and a substantial part of the unlawful business practices which give rise to this action occurred in this District.

13.    Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(1) because a substantial part of the events giving rise to this action occurred in this District.

## FACTUAL BACKGROUND

### I.    DEPOSITED CHECK RETURNED UNPAID FEES

14.    Deposited Check Returned Unpaid fees are levied when a check is returned because it cannot be processed against the originator's account. In other words, when Person A writes a check to Person B and the check bounces or is returned unpaid, the bank charges Person B a fee even though Person B had no reasonable means of knowing the check would not clear. There are a multitude of reasons why a check someone received would bounce, nearly all of which lie entirely outside the control of the depositor. The reason could be insufficient funds, a stop payment order issued by the check writer, a closed or foreign account, or even a minor discrepancy on the check itself.  Even though the depositor has no control over the check, the Deposited Check Returned Unpaid fees charged can range from $5 to over $30 and often vastly exceed the actual cost of processing the returned check.

15.    Deposited Check Returned Unpaid fees are widespread within the banking industry, with most major banks and financial institutions levy them as part of their standard fee

structure. In fact, these fees are nothing more than veiled revenue-generating tools that penalize innocent depositors for the actions of others.

16.     Recognizing the potential for abuse, the CFPB issued published Bulletin 2022-06 on November 7, 2022 (the "Bulletin").  The Bulletin, entitled *Unfair Returned Deposited Item Fee Assessment Practices*, highlights the CFPB's concerns about deceptive practices related to Deposited Check Returned Unpaid fees, particularly in instances where fees are disproportionate to the actual costs incurred by the bank, or where customers are not adequately informed about the fees and their potential applicability.

17.     The CFPB deemed these fees unfair under the Consumer Financial Protection Act. It took issue with financial institutions, like Citibank, that charge consumers Deposited Check Returned Unpaid fees "for all returned transactions irrespective of the circumstances of the transaction or patterns of behavior on the account." The Bulletin provides in relevant part:

> The Consumer Financial Protection Act (CFPA) prohibits covered persons from engaging in unfair acts or practices. Congress defined an unfair act or practice as one that (A) "causes or is likely to cause substantial injury to consumers which is not reasonably avoidable," and (B) "such substantial injury is not outweighed by countervailing benefits to consumers or to competition."
>
> Blanket policies of charging Returned Deposited Item fees to consumers for all returned transactions irrespective of the circumstances of the transaction or patterns of behavior on the account are likely unfair.
>
> Fees charged for Returned Deposited Items cause substantial injury to consumers. Under the blanket policies of many depository institutions, Returned Deposited Item fees cause monetary injury, in the range of $10-19 for each returned item. **Depository institutions that charge Returned Deposited Item fees for returned checks impose concrete monetary harm on a large number of customers**.
>
> In many of the instances in which Returned Deposited Item fees are charged, consumers would not be able to reasonably avoid the substantial monetary injury imposed by the fees. **An injury is not reasonably avoidable unless consumers are fully informed of the risk and have practical means to avoid it.** Under blanket policies of many depository institutions, Returned Deposited Item fees are

charged whenever a check is returned because the check originator has insufficient available funds in their account, the check originator instructs the originating depository institution to stop payment, or the check is written against a closed account. But **a consumer depositing a check would normally be unaware of and have little to no control over whether a check originator has funds in their account, will issue a stop payment instruction, or has closed the account**. Nor would a consumer normally be able to verify whether a check will clear with the check originator's depository institution before depositing the check or be able to pass along the cost of the fee to the check originator.

87 FR 66940, 66941 (emphases added).[3]

18.     The CFPB focused on the lack of benefit to consumers and the disproportionality associated with these fees, finding that "[c]heck processing is a service made broadly available to all depositors of checks, and *there is no separate benefit to consumers from having a deposited check returned, as opposed to paid*." *Id.* The CFPB further found that these fees are *not* "well-tailored to recoup costs" because "the fee is charged to depositors even where the depository institution incurs no such loss from the returned transaction, and institutions usually do not collect the fee in those limited circumstances where they actually incur a loss." *Id.* Evidently, the CFPB has signaled its intention to impose stricter oversight and raise legal challenges against these unfair and predatory practices.

## II.    CITIBANK IMPOSED A BLANKET "JUNK FEE" ON ALL RETURNED DEPOSITS, REGARDLESS OF CAUSE

19.     Citibank operates a vast retail network across the country. Within this network, Citibank offers a diverse range of deposit accounts, including a range of different checking and savings options, to customers like Plaintiff and the putative Class and Sub-class members.

20.     Upon opening a deposit account with Citibank, each customer receives a comprehensive "Consumer Deposit Account Agreement" ("Deposit Agreement"), which — along

---

[3] The Bulletin is available at https://www.federalregister.gov/documents/2022/11/07/2022-23933/bulletin-2022-06-unfair-returned-deposited-item-fee-assessment-practices (last accessed February 15, 2024).

with the Fee Schedule — forms the contract between Citibank and the customer and provides the terms and conditions governing each deposit account held with Citibank. Acceptance of the Agreement's terms is mandatory for both opening and maintaining a deposit account with Citibank.[4]

21.     Section 5.8 of the Deposit Agreement, Section "Fees", the Deposit Agreement explicitly states that it provides services related to "Overdraft and Returned Items" at "no charge."

22.     Section 7.2.4 – which does not govern deposits, but governs overdrafts and insufficient funds in the *depositor's* account - provides that "A Return Deposit Item may occur whether or not your account is overdrawn and is not an overdraft fee or a Returned Item fee. You may be charged this fee when checks that you deposit into your account are returned by the paying bank for insufficient or uncollected funds." Later on, at page 74, the Deposit Agreement further provides that the referenced service fee can be found on the Fee Schedule.

23.     The Deposit Agreement contains a Fee Schedule discussing the fees associated with customers' accounts. However, the Deposit Agreement does not contain a Return Deposit Item Fee.

24.     A consumer cannot reasonably expect to be charged a fee for Return Deposit Item where that fee is not disclosed in the Deposit Agreement.

25.     While nowhere disclosed, in practice Citibank uniformly charged its customers a blanket $12 fee for items that are returned by no fault of the customer.

26.     While depositing a check, customers naturally anticipate receiving the funds. However, factors entirely outside their control can lead to a deposit being returned unpaid. This can occur due to the originator lacking sufficient funds, a stop-payment order issued by the originator, or even processing errors. These unpredictable circumstances can expose the depositor to unfair and unavoidable financial repercussions.

---

[4] *See* Citibank Consumer Deposit Account Agreement, effective August 19, 2023, last updated February 20, 2024, Introduction, at 1, attached hereto as Exhibit A.

27.     Consumers attempting to deposit funds, such as Plaintiffs, lacked any control over whether the deposit would be returned, and had no way of protecting themselves against the possibility of the deposit being returned and being charged a fee.  Depositors could not realistically verify with the originator's institution whether there were sufficient funds in the issuer's account before depositing an item.

28.     Citibank's blanket policy of charging Deposited Check Returned Unpaid fees on all returned deposits, regardless of the origin of the check or the cause of its return, is unfair because it penalizes consumers for circumstances outside of their control.

## III.   CITIBANK CHARGED PLAINTIFFS DEPOSITED CHECK RETURNED UNPAID FEES

### A.   Plaintiff Vivian Khuu

29.     In 2021, Plaintiff Vivian Khuu opened a Citi Savings account with Citibank in or around El Monte, California.

30.     Ms. Khuu's Citibank account was located in the State of California at the time she opened the account and remains so to this day.

31.     On or around February 3, 2023, Ms. Khuu attempted to deposit a check into her Citi Savings account.

32.     At the time Ms. Khuu attempted to deposit the check into her Citi account, she had no reason to believe that the check would be returned unpaid.

33.     Several days later, to Ms. Khuu's surprise and by no fault of her own, the check was returned unpaid. Citibank charged Ms. Khuu a Deposited Check Returned Unpaid fee of $12.00. The Deposited Check Returned Unpaid fee was deducted from the balance of Ms. Khuu's account.

34.     Because the Deposited Check Returned Unpaid fee which Citibank charged Ms. Khuu was assessed pursuant to Citibank's blanket policy of assessing such fees irrespective of the facts and circumstances surrounding her attempt to deposit the check into her account, the Deposited Check Returned Unpaid fee was unfair and unlawful.

## CLASS DEFINITION AND ALLEGATIONS

35.     Plaintiff brings this action pursuant to Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure on behalf of herself and on behalf of all other persons similarly situated.

36.     Plaintiff proposes the following Class definitions, subject to amendment as appropriate:

> **Nationwide Class** (the "**Class**")
> All individuals who, during the applicable statute of limitations, had or have accounts with Citibank and were charged a Deposited Check Returned Unpaid fee by Citibank.
>
> **California State Class** (the "**California Sub-class**")
> All individuals who, during the applicable statute of limitations, had or have accounts with Citibank located in California and were charged a Deposited Check Returned Unpaid fee by Citibank.

37.     Excluded from the Class and Sub-class is Defendant, its parents, subsidiaries, affiliates, officers and directors, and judicial officers and their immediate family members and associated court staff assigned to this case.

38.     Plaintiff reserves the right to modify or amend the definitions of the proposed Class and Sub-class before the Court determines whether certification is appropriate.

39.     The proposed Class and Sub-class meets the criteria for certification under Fed. R. Civ. P. 23(a), (b)(2), and (b)(3).

40.     Plaintiff expressly disclaims any intent to seek recovery in this action for personal injuries that they or any Class or Sub-class member may have suffered.

41.     **Numerosity**. This action is appropriately suited for a class action. The members of the Class and Sub-class are so numerous that the joinder of all members is impracticable. Plaintiff is informed, believes, and thereon alleges, that each proposed Class and Sub-class contains thousands of accountholders who have been damaged by Defendant's conduct as alleged herein, the identity of whom is within the knowledge of Defendant and can be easily determined through Defendant's records.

42. **Commonality.** This action involves questions of law and fact common to the Class. The common legal and factual questions include, but are not limited to, the following:

a. Whether Defendant's assessment of Deposited Check Returned Unpaid fees within the applicable statute of limitations was unfair, deceptive, or misleading;

b. Whether Defendant was unjustly enriched as a result of charging Plaintiff and the Class and Sub-class the "Deposited Check Returned Unpaid" fees;

c. Whether Defendant's conduct, as alleged herein, constitutes a violation of Cal. Civ. Code § 1750, *et seq.*;

d. Whether Defendant's conduct, as alleged herein, constitutes a violation of Cal. Bus. & Prof. Code § 17200, *et seq.*;

e. The proper method or methods by which to measure damages and/or restitution and/or disgorgement; and

f. Whether Plaintiff and the Class and Sub-class are entitled to declaratory and injunctive relief and the nature of that relief.

43. **Typicality**. Plaintiff's claims are typical of the claims of the members of the Class and Sub-class, because, *inter alia*, all Class and Sub-class members have been injured through the uniform misconduct described above and were charged improper and deceptive fees as alleged herein. Moreover, Plaintiff's claims are typical of the Class and Sub-class members' claims because Plaintiff is advancing the same claims and legal theories on behalf of themselves and all members of the Class and Sub-class. In addition, Plaintiff is entitled to relief under the same causes of action and upon the same facts as the other members of the proposed Class and Sub-class.

44. **Adequacy of Representation**. Plaintiff will fairly and adequately protect the interests of the members of the Class and Sub-class. Plaintiff and the Class and Sub-class each maintained an account with Defendant and were harmed by Defendant's misconduct in that they were assessed unfair Deposited Check Returned Unpaid fees. Plaintiff will fairly and adequately represent and protect the interests of the Class and Sub-class and have retained competent counsel experienced in complex litigation and class action litigation. Plaintiff has no interests antagonistic

to those of the Class or Sub-class, and Defendant has no defenses unique to Plaintiff.

45.     **Superiority**. A class action is superior to other methods for the fair and efficient adjudication of this controversy. The damages or other financial detriment suffered by individual Class and Sub-class members is relatively small compared to the burden and expense that would be entailed by individual litigation of their claims against Defendant. It would be virtually impossible for a member of the Class or Sub-class, on an individual basis, to obtain effective redress for the wrongs done to him or her. Further, even if the Class or Sub-class members could afford such individualized litigation, the court system could not. Individualized litigation would create the danger of inconsistent or contradictory judgments arising from the same set of facts. Individualized litigation would also increase the delay and expense to all parties and the court system from the issues raised by this action. By contrast, the class action device provides the benefits of adjudication of these issues in a single proceeding, economies of scale, and comprehensive supervision by a single court, and presents no management difficulties under the circumstances here.

46.     Plaintiff seeks monetary damages, including compensatory damages on behalf of the Class and Sub-class, and other equitable relief on grounds generally applicable to the entire Class and the Sub-class. Unless a Class and Sub-class are certified, Defendant will be allowed to profit from its unfair and unlawful practices, while Plaintiff and the members of the Class and Sub-class will have suffered damages. Unless a Class-wide injunction is issued, Defendant may continue to benefit from these violations, and the members of the Class and Sub-class and the general public may continue to be unfairly treated.

## COUNT I
## BREACH OF CONTRACT
### (On behalf of the Class and Sub-class)

47.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-46 as if fully set forth herein.

48.     Plaintiff brings this claim individually and on behalf of the members of the Class and Sub-class against Defendant.

49.     Plaintiff and each member of the Class and Sub-class entered into a uniform Deposit Agreement with Fee Schedule with Defendant that governs the assessment of fees for certain banking services.  The Fee Schedule contained within the Deposit Agreement does not state the amount of the fee that Defendant may assess for Deposited Check Returned Unpaid fees.

50.     Plaintiff and each member of the Class and Sub-class have performed all conditions, covenants, and promises required by each of them on their part to be performed in accordance with the terms of the Deposit Agreement, except for those they were prevented from performing or which were waived or excused by Defendant's misconduct.

51.     Defendant breached the express terms of the Deposit Agreement by, inter alia, assessing Deposited Check Returned Unpaid fees because there was no authorization to charge these fees in the amount charged within the Deposit Agreement, and the fee amount was not an assented to term of the Deposit Agreement.

52.     As a result of Defendant's breach of the Deposit Agreement, Plaintiff and the members of the Class and Sub-class have been damaged in an amount to be proven at trial and seek relief as set forth in the Prayer below.

**COUNT II**
**BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING**
**(On behalf of Plaintiff and the Class and Sub-class)**

53.     Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-52 as if fully set forth herein.

54.     Plaintiff brings this claim individually and on behalf of the members of the Class and Sub-class against Defendant.

55.     Plaintiff and each member of the Class and Sub-class entered into a uniform Deposit Agreement with Fee Schedule with Defendant that governs the assessment of fees for certain banking services.  The Fee Schedule contained within the Deposit Agreement does not state the amount of the fee that Defendant may assess for Deposited Check Returned Unpaid fees.

56.     A covenant of good faith and fair dealing is implied in Plaintiff's and the members of the Class and Sub-class's Deposit Agreements with Defendant. Whether by common law or statute, all contracts impose upon each party a duty of good faith and fair dealing. Good faith and fair dealing, in connection with executing contracts and discharging performance and other duties according to their terms, means preserving the spirit – not merely the letter – of the bargain. Thus, the parties to a contract are mutually obligated to comply with the substance of their contract in addition to its form. Evading the spirit of the bargain and abusing the power to specify terms, constitutes examples of bad faith in the performance of contracts.

57.     The material terms of the Deposit Agreement therefore included the implied covenant of good faith and fair dealing, whereby Defendant covenanted that it would, in good faith and in the exercise of fair dealing, deal with Plaintiff and each member of the Class and Sub-class fairly and honestly and do nothing to impair, interfere with, hinder, or potentially injure the rights and benefits under the contract of Plaintiff and the members of the Class and Sub-class.

58.     Plaintiff and the members of the Class and Sub-class have performed all conditions, covenants, and promises required by each of them on their part to be performed in accordance with the terms and conditions of the contract, except for those they were prevented from performing or which were waived or excused by Defendant's misconduct.

59.     As alleged herein, Defendant breached the implied covenant of good faith and fair dealing by systematically charging Plaintiff and the members of the Class and Sub-class Deposited

Check Returned Unpaid fees for attempting to deposit checks that could not be deposited irrespective of the facts and circumstances surrounding the depositor's attempt to deposit the check into their account.

60.    Defendant's actions to maximize its revenue from Deposited Check Returned Unpaid fees impedes the right of Plaintiff and the members of the Class and Sub-class to receive benefits that they reasonably expected to receive under the contract, as the money entrusted to Defendant for their banking activities was reduced by the undisclosed fee.

61.    On information and belief, Defendant's actions as alleged herein were performed in bad faith, in that the purpose behind the practices and policies alleged herein was to maximize Defendant's revenue from Deposited Check Returned Unpaid fees at the expense of their customers, in contravention of Plaintiff's and the members of the Class and Sub-class's reasonable expectations.

62.    Plaintiff and the members of the Class and Sub-class have sustained damages as a result of Defendant's conduct as alleged herein.

63.    As a result of Defendants' breach of the implied covenant of good faith and fair dealing, Plaintiff and the members of the Class and Sub-class have been damaged in an amount to be proven at trial and seek relief as set forth in the Prayer below.

<u>**COUNT III**</u>
**UNJUST ENRICHMENT**
**(On behalf of the Class and Sub-class)**

64.    Plaintiff repeats and realleges each and every allegation contained in paragraphs 1–63 as if fully set forth herein.

65.    Plaintiff brings this claim individually and on behalf of the members of the Class and Sub-class against Defendant.

66.     Plaintiff and members of the Class and Sub-class were, and many continue to be, customers of Defendant with deposit accounts. They reasonably believed that Citibank would not charge them unreasonable fees beyond their control. Plaintiff and members of the Class and Sub-class suffered financial losses when they were charged Deposited Check Returned Unpaid fees in the form of funds deducted from their accounts.

67.     By charging Deposited Check Returned Unpaid fees, Defendant unjustly enriched itself by taking a benefit, in the form of a $12 charge each time an item was returned, from each of their customers' accounts, regardless of their own action, without providing any additional service or value to their customers, including Plaintiff and members of the Class and Sub-class. Defendant has accepted and retained these benefits even though Defendant failed to provide any service or product to the customer, and failed to provide any manner to avoid these fees, making Defendant's retention of them unjust.

68.     By its wrongful acts and omission described herein, including charging fees for actions beyond the customer's control, and for which consumers had absolutely no way of avoiding, Defendant was unjustly enriched at the expense of Plaintiff and the members of the Class and Sub-class.

69.     Plaintiff and the Class and Sub-class's detriment, and Defendant's enrichment, were related to and flowed from the wrongful conduct alleged in this Complaint.

70.     Defendant has profited from its unlawful, unfair, misleading, and deceptive practices at the expense of Plaintiff and the putative Class and Sub-class members.  It would be inequitable for Defendant to retain the profits, benefits, and other compensation obtained from its wrongful conduct described herein.

71.     Plaintiff and the members of the Class and Sub-class have been damaged as a direct and proximate result of Defendant's unjust enrichment.

72.     Plaintiff and the members of the Class and Sub-class are entitled to recover from Defendant all amounts wrongfully collected and improperly retained by Defendant.

73.     As a direct and proximate result of Defendant's wrongful conduct and unjust enrichment, Plaintiff and the members of the Class and Sub-class are entitled to restitution of, disgorgement of, and/or imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant for its inequitable and unlawful conduct.

**COUNT IV**
**VIOLATION OF CALIFORNIA CONSUMER LEGAL REMEDIES ACT ("CLRA")**
**CAL. CIV. CODE § 1750, *ET SEQ.***
**(Plaintiff Vivian Khuu on behalf herself and the California Sub-class)**

74.     Plaintiff Khuu repeats and realleges each and every allegation contained in paragraphs 1–73 as if fully set forth herein.

75.     Plaintiff Khuu brings this claim individually and on behalf of the members of the California Sub-class against Defendant.

76.     Plaintiff Khuu maintained a Citibank account located in California, pursuant to the Deposit Agreement, during the applicable statute of limitations period.

77.     California's Consumer Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750, *et seq.*, proscribes "unfair methods of competition and unfair or deceptive acts or practices undertaken by any person in a transaction intended to result or which results in the sale or lease of goods or services to any consumer."

78.     Defendant is a "person" as defined in Cal. Civ. Code § 1761(c).

79.     The deposit accounts that Plaintiff Khuu and the members of the California Subclass opened with Defendant are "services" as defined in Cal. Civ. Code § 1761(b).

80.     Plaintiff Khuu and the members of the California Sub-class are "consumers" as defined in Cal. Civ. Code § 1761(d).

81.     As alleged herein, Defendant engaged in unfair and deceptive acts or practices relating to the deposit accounts of Plaintiff Khuu and the members of the California Sub-class related to the assessment of Deposited Check Returned Unpaid fees.

82.     Defendant's conduct as described herein was and is in violation of the CLRA. Defendant's conduct violates at least the following enumerated CLRA provisions:

a.  Cal. Civ. Code § 1770(a)(14): Representing that a transaction confers or involves rights, remedies, or obligations that it does not have or involve, or that are prohibited by law; and

b.  Cal. Civ. Code § 1770(a)(19): Inserting an unconscionable provision in the contract.

83.  Charging Deposited Check Returned Unpaid fees is a predatory practice that impacts thousands, if not millions, of consumers throughout California and the country, and they disproportionately impact vulnerable consumers. These blanket fees exploit consumers and can reinforce financial inequality. Thus, Defendant's actions, as alleged herein, affect the public interest.

84.  These charges, which were automatically debited from consumers' accounts, were unilaterally imposed, are deceptive, unfair, predatory in nature, and unconscionable. The CFPB — through Bulletin 2022-06 — has determined that Deposited Item Returned Fees, such as those charged by Citibank, are materially unfair and deceptive because they cause substantial injury to consumers and fall within the CFPA's definition of unfair acts and practices because such fees cause substantial financial injury to accountholders, are not reasonably avoidable by accountholders, and do not provide a benefit that outweighs the injury they cause.

85.  Thus, pursuant to the CFPB's Bulletin 2022-06, Defendant's practice of charging Deposited Check Returned Unpaid fees is deceptive and unfair and constitutes a violation of the CLRA.

86.  As a result of Defendants' actions, Plaintiff Khuu and the members of the California Sub-class sustained actual damages. That actual damage is measured by the amount of the Deposited Check Returned Unpaid fee charged by Defendant. In the case of Ms. Khuu, that amount was $12.00.

87.  On February 2, 2024 a CLRA demand letter was delivered to Defendant pursuant to Cal. Civ. Code §1782. This letter provided notice of Defendant's violation of the CLRA and

demanded that Defendant correct the unlawful and deceptive practices alleged herein. Defendant did not offer any remedy to Plaintiff and each Sub-class member.  Accordingly, Plaintiff seeks all monetary relief available under the CLRA.

88.     Plaintiff Khuu and the members of the California Sub-class are entitled to reimbursement in amounts to be determined, but not less than the full amount of the fees, and interest thereon, which Defendant has taken from Plaintiff Khuu and members of the California Sub-class, as well as injunctive relief, reasonable attorneys' fees and costs, punitive damages, and any other relief the Court deems proper, pursuant to California Civil Code § 1780.

<u>COUNT V</u>

**VIOLATION OF CALIFORNIA UNFAIR COMPETITION LAW**
**BUS. PROF. CODE § 17200, *ET SEQ*.**
**(Plaintiff Khuu on behalf herself and the California Sub-class)**

89.     Plaintiff Khuu repeats and realleges each and every allegation contained in paragraphs 1–88 as if fully set forth herein.

90.     Plaintiff Khuu brings this claim individually and on behalf of the members of the California Sub-class against Defendant.

91.     California's Unfair Competition Law (the "UCL"), prohibits any "unlawful, unfair or fraudulent business act or practice." Cal. Bus. & Prof. Code § 17200.

92.     Defendant's acts and omissions as alleged herein constitute business acts and practices.

93.     The purpose of the UCL is to protect both consumers and competitors by promoting fair competition in commercial markets for goods and services. In service of that purpose, the Legislature framed the UCL's substantive provisions in broad, sweeping language. By defining unfair competition to include any "any unlawful, unfair or fraudulent business act or practice," the UCL permits violations of other laws to serve as the basis of an independently actionable unfair competition claim and sweeps within its scope acts and practices not specifically proscribed by any other law.

94.     The acts alleged herein are "unlawful" under the UCL in that they violate at least the Consumers Legal Remedies Act, Cal. Civ. Code §§ 1750 *et seq.*

95.     The UCL expressly provides for injunctive relief and contains provisions denoting its public purpose. A claim for injunctive relief under the UCL is brought by a plaintiff acting in the capacity of a private attorney general. Although the private litigant controls the litigation of an unfair competition claim, he or she is not entitled to recover compensatory damages for his or her own benefit, but only disgorgement of profits made by the defendant through unfair competition in violation of the statutory scheme, or restitution to victims of the unfair competition.

96.     In addition, as alleged herein, Defendant's conduct violates the UCL because charging consumers "junk fees" that provide no tangible service or benefit to the consumers violates public policy. The harm and adverse impact of Defendant's conduct on members of the general public was neither outweighed nor justified by any legitimate reasons, justifications, or motives. The harm to Plaintiff Khuu and the members of the California Sub-class arising from Defendant's unlawful practice relating to the imposition of the improper, unfair, and predatory fees outweighs the utility, if any, of those practices.

97.     Charging Deposited Check Returned Unpaid fees is a predatory practice that impacts thousands, if not millions of consumers throughout California and the country, and disproportionately impacts vulnerable consumers. These blanket fees exploit consumers and can reinforce financial inequality. Defendant's unlawful business practices are immoral, unethical, oppressive, unscrupulous, unconscionable, and/or substantially injurious to Plaintiff Khuu and the members of the California Sub-class, and the general public. Defendant's conduct damaged Plaintiff Khuu and the members of the California Sub-class as they have collectively been forced to pay millions of dollars in improper fees. Defendant's unlawful acts and practices complained of herein affect the public interest.

98.     Moreover, Defendant's conduct violates the UCL to the extent it was unfair to implement a blanket practice of charged Deposited Check Returned Unpaid fees to consumers for all returned checks irrespective of the circumstances or any action taken by the accountholder.

99.     Defendant's conduct was and is unfair because the consumer injury was substantial, not outweighed by benefits to consumers or competition, and not one consumers themselves could have reasonably avoided.

100.     As a direct and proximate result of Defendant's violations of the UCL, Plaintiff Khuu and the members of the California Sub-class have been charged improper and illegal Deposited Check Returned Unpaid fees, which were automatically debited from their accounts, and Defendant has received income, profits, and other benefits, which it would not have received if it had not violated the UCL. Plaintiff Khuu and the members of the California Sub-class suffered an ascertainable loss and actual damages as a result of Defendant's conduct.

101.     Defendant's conduct caused and may continue to cause substantial injury to Plaintiff and the members of the California Sub-class.  Plaintiff and the members of the California Sub-class have suffered, and may continue to suffer in the future, injury in fact as a result of Defendant's unlawful conduct. Thus, injunctive relief enjoining Defendant's unlawful practices is proper.

102.     Unless the Court grants injunctive relief compelling Defendant to disgorge itself of the ill-gotten gains it realized by charging Deposited Check Returned Unpaid fees and create a constructive trust to provide relief for Plaintiff Khuu and the members of the California Sub-class, representing the broader public interest, these individuals will continue to sustain damages and will have no avenue to hold Defendant accountable for its misconduct.

103.     Plaintiff Khuu, on behalf of the members of the California Sub-class, requests that she be awarded all relief as may be available by law, pursuant to Cal. Bus. Prof. Code § 17203.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment against Defendant in the form of an Order:

A.      Certifying this action as a class action under Rule 23(b)(2) and (b)(3) of the Federal Rules of Civil Procedure and naming Plaintiff as a representative of the Class and Sub-Class and Plaintiff's undersigned attorneys as Class Counsel to represent the Class and Sub-class members;

B.      Declaring that Defendant's conduct violated the laws referenced herein;

C.      Finding in favor of Plaintiff and the Class and Sub-class on all counts asserted herein;

D.      Awarding actual, consequential, punitive, statutory, and treble damages as applicable;

E.      Awarding pre-judgment and post-judgment interest on all amounts awarded;

F.      For injunctive relief as pleaded or as the Court may deem proper;

G.      For disgorgement and restitution to Plaintiff and the Class and/or Sub-class members of all monies received or collected from Plaintiff and the Class and/or Sub-class members and all other forms of equitable relief;

H.      Awarding reasonable attorneys' fees and expenses and costs of suit; and

I.      For such other and further relief as the Court may deem proper.


## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury as to all triable issues.

Dated: March 5, 2024                          Respectfully submitted,


                                              **Heidepriem, Purtell,**
                                              **Siegel & Hinrichs, LLP**

                                              **By** _/s/Matthew A. Tysdal_
                                              Scott N.  Heidepriem (scott@hpslawfirm.com)
                                              Matthew A.  Tysdal (matthew@hpslawfirm.com)
                                              Pete Heidepriem (pete@hpslawfirm.com)
                                              101 W.  69th Street, Suite 105
                                              Sioux Falls, SD 57108
                                              (605) 679-4470



                                              Lisa R. Considine (*pro hac vice* forthcoming)
                                              David J. DiSabato (*pro hac vice* forthcoming)
                                              Oren Faircloth (*pro hac vice* forthcoming)
                                              745 Fifth Ave, Suite 500
                                              New York, NY 10151
                                              Telephone: 212-532-1091
                                              Facsimile: 646-417-5967

                                              Email: lconsidine@sirillp.com
                                              Email: ddisabato@sirillp.com
                                              Email: ofaircloth@sirillp.com

                                              *Attorneys for Plaintiffs and the Proposed Class*

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Vivian Khuu, individually and on behalf of all others similarly situated

**(b)** County of Residence of First Listed Plaintiff   Los Angeles County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Matthew Tysdal
101 West 69th Street, Suite 105
Sioux Falls, SD 57108 605-679-4470

## DEFENDANTS
Citibank, National Association

County of Residence of First Listed Defendant   Minnehaha
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1  U.S. Government Plaintiff
- [ ] 2  U.S. Government Defendant
- [ ] 3  Federal Question *(U.S. Government Not a Party)*
- [x] 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*   *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [x] 4 |
| Citizen of Another State | [x] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| 110 Insurance | **PERSONAL INJURY** — **PERSONAL INJURY** | 625 Drug Related Seizure of Property 21 USC 881 | 422 Appeal 28 USC 158 | 375 False Claims Act |
| 120 Marine | 310 Airplane — 365 Personal Injury - Product Liability | 690 Other | 423 Withdrawal 28 USC 157 | 376 Qui Tam (31 USC 3729(a)) |
| 130 Miller Act | 315 Airplane Product Liability — 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **INTELLECTUAL PROPERTY RIGHTS** | 400 State Reapportionment |
| 140 Negotiable Instrument | 320 Assault, Libel & Slander | | 820 Copyrights | 410 Antitrust |
| 150 Recovery of Overpayment & Enforcement of Judgment | 330 Federal Employers' Liability — 368 Asbestos Personal Injury Product Liability | | 830 Patent | 430 Banks and Banking |
| 151 Medicare Act | 340 Marine | | 835 Patent - Abbreviated New Drug Application | 450 Commerce |
| 152 Recovery of Defaulted Student Loans (Excludes Veterans) | 345 Marine Product Liability | **LABOR** | 840 Trademark | 460 Deportation |
| 153 Recovery of Overpayment of Veteran's Benefits | 350 Motor Vehicle — **PERSONAL PROPERTY** | 710 Fair Labor Standards Act | 880 Defend Trade Secrets Act of 2016 | 470 Racketeer Influenced and Corrupt Organizations |
| 160 Stockholders' Suits | 355 Motor Vehicle Product Liability — 370 Other Fraud | 720 Labor/Management Relations | **SOCIAL SECURITY** | 480 Consumer Credit (15 USC 1681 or 1692) |
| 190 Other Contract | 360 Other Personal Injury — 371 Truth in Lending | 740 Railway Labor Act | 861 HIA (1395ff) | 485 Telephone Consumer Protection Act |
| 195 Contract Product Liability | 362 Personal Injury - Medical Malpractice — 380 Other Personal Property Damage | 751 Family and Medical Leave Act | 862 Black Lung (923) | 490 Cable/Sat TV |
| 196 Franchise | — 385 Property Damage Product Liability | 790 Other Labor Litigation | 863 DIWC/DIWW (405(g)) | 850 Securities/Commodities/ Exchange |
| **REAL PROPERTY** | **CIVIL RIGHTS** — **PRISONER PETITIONS** | 791 Employee Retirement Income Security Act | 864 SSID Title XVI | 890 Other Statutory Actions |
| 210 Land Condemnation | 440 Other Civil Rights — **Habeas Corpus:** | | 865 RSI (405(g)) | 891 Agricultural Acts |
| 220 Foreclosure | 441 Voting — 463 Alien Detainee | | **FEDERAL TAX SUITS** | 893 Environmental Matters |
| 230 Rent Lease & Ejectment | 442 Employment — 510 Motions to Vacate Sentence | | 870 Taxes (U.S. Plaintiff or Defendant) | 895 Freedom of Information Act |
| 240 Torts to Land | 443 Housing/ Accommodations — 530 General | | 871 IRS—Third Party 26 USC 7609 | 896 Arbitration |
| 245 Tort Product Liability | 445 Amer. w/Disabilities - Employment — 535 Death Penalty | **IMMIGRATION** | | 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| 290 All Other Real Property | 446 Amer. w/Disabilities - Other — 540 Mandamus & Other | 462 Naturalization Application | | 950 Constitutionality of State Statutes |
| | 448 Education — 550 Civil Rights | 465 Other Immigration Actions | | |
| | 555 Prison Condition | | | |
| | 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332(d)(2)

Brief description of cause:
Class action against Citibank for unlawful business practices

## VII. REQUESTED IN COMPLAINT:
- [x] CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
+$5,000,000

CHECK YES only if demanded in complaint:
JURY DEMAND:   [x] Yes   [ ] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   Mar 5, 2024

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____